# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| ANURAG KACHRODIA, Individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>ACADIA HEALTHCARE COMPANY, INC., DEBRA K. OSTEEN, CHRISTOPHER H. HUNTER, DAVID M. DUCKWORTH, and HEATHER DIXON,<br><br>        Defendants. | Case No.: 3:24-cv-01238<br><br>CLASS ACTION<br><br>Chief Judge William L. Campbell, Jr.<br>Magistrate Judge Jeffery S. Frensley<br><br>JURY TRIAL DEMANDED |

and

| | |
|---|---|
| PATRICK DYAR, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>    v.<br><br>ACADIA HEALTHCARE COMPANY, INC., DEBRA K. OSTEEN, CHRISTOPHER H. HUNTER, DAVID M. DUCKWORTH, and HEATHER DIXON,<br><br>        Defendants. | Case No.: 3:24-cv-01300<br><br>CLASS ACTION<br><br>Chief Judge William L. Campbell, Jr.<br>Magistrate Judge Jeffery S. Frensley<br><br>DEMAND FOR JURY TRIAL |

**[PROPOSED] ORDER CONSOLIDATING RELATED CASES, EXTENDING DEFENDANTS' TIME TO RESPOND TO ANY COMPLAINT, AND CONTINUING THE INITIAL CASE MANAGEMENT CONFERENCE**

Pending before the Court is Plaintiffs Anurag Kachrodia and Patrick Dyar (collectively, "Plaintiffs") and Acadia Healthcare Company, Inc., Debra K. Osteen, Christopher H. Hunter, David M. Duckworth, and Heather Dixon's (collectively, "Defendants" and with Plaintiffs, the "Parties") Joint Motion to Consolidate Related Cases, Extend Defendants' Time to Respond to Any Complaint, and Continue the Initial Case Management Conference. Having considered the written submission of the Parties, the Court grants the Motion and **ORDERS** as follows:

1. The related cases *Anurag Kachrodia v. Acadia Healthcare Company, Inc. et al.*, Case No. 3:24-cv-01238, and *Patrick Dyar v. Acadia Healthcare Company, Inc. et al.*, Case No. 3:24-cv-01300 are hereby consolidated (the "Consolidated Action"). All orders, pleadings, motions, and other documents in the Consolidated Action shall be filed in the first-filed case *Anurag Kachrodia v. Acadia Healthcare Company, Inc. et al.*, Case No. 3:24-cv-01238. Any action alleging violations of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder, and arising out of the same or substantially the same transactions or events as alleged in the Consolidated Action which is subsequently filed in, removed to, or transferred to the Court, shall be consolidated into the Consolidated Action.

2. Defendants accept service of the summons and complaints in the Consolidated Action to the extent that service has not yet been perfected on any Defendant, provided, however, that the acceptance of service shall not waive any rights, claims, and defenses, other than a defense as to the sufficiency of service of process.

2

3.  Defendants are not required to answer, move against, or otherwise respond to any complaints in the Consolidated Action until there is a consolidated complaint filed (or a complaint designated as the operative complaint) by the Court-appointed lead plaintiff and lead counsel.

4.  Within fourteen (14) days after the entry of an order by the Court appointing a lead plaintiff and lead counsel, counsel for Defendants will meet and confer with the court-appointed lead plaintiff's counsel and submit for the Court's approval a proposed schedule for the filing of any consolidated complaint or designation of an operative complaint, Defendants' response to the same, and all other filings associated with any motion to dismiss the operative complaint.

5.  The initial case management conference that is currently set for January 21, 2025, at 9:00 a.m. in *Patrick Dyar v. Acadia Healthcare Company, Inc. et al.*, Case No. 3:24-cv-01300 is continued and may be reset, as needed, after the Court has ruled upon Defendants' anticipated motion to dismiss the Consolidated Action.

IT IS SO ORDERED.

_____
William L. Campbell, Jr.
United States District Judge

3