# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| ANURAG KACHRODIA, Individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>ACADIA HEALTHCARE COMPANY, INC., DEBRA K. OSTEEN, CHRISTOPHER H. HUNTER, DAVID M. DUCKWORTH, and HEATHER DIXON,<br><br>  Defendants. | No.: 3:24-cv-01238<br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION OF OFI INVEST ASSET MANAGEMENT, ON BEHALF OF OFI INVEST ACTIONS AMÉRIQUE AND OFI INVEST RÉVOLUTION DÉMOGRAPHIQUE MONDE, TO: (1) CONSOLIDATE RELATED ACTIONS; (2) APPOINT LEAD PLAINTIFF; AND (3) APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL<br><br><u>CLASS ACTION</u> |
| CITY OF FORT LAUDERDALE POLICE AND FIREFIGHTERS' RETIREMENT SYSTEM, on behalf of itself and all others similarly situated,<br><br>  Plaintiff,<br><br>  vs.<br><br>ACADIA HEALTHCARE COMPANY, INC., DEBRA K. OSTEEN, CHRISTOPHER H. HUNTER, DAVID M. DUCKWORTH, and HEATHER DIXON,<br><br>  Defendants. | No.: 3:24-cv-01447<br><br><u>CLASS ACTION</u> |

# TABLE OF CONTENTS

BACKGROUND .......................................................................................................2

ARGUMENT ..........................................................................................................7

    I.     THE RELATED ACTIONS SHOULD BE CONSOLIDATED
         FOR ALL PURPOSES.......................................................................7

    II.    OFI INVEST SHOULD BE APPOINTED LEAD PLAINTIFF...........8

         A.     OFI INVEST IS WILLING TO SERVE AS A
               CLASS REPRESENTATIVE......................................................9

         B.     OFI INVEST HAS THE LARGEST
               FINANCIAL INTEREST ..........................................................10

         C.     OFI INVEST SATISFIES THE REQUIREMENTS
               OF RULE 23 OF THE FEDERAL RULES OF
               CIVIL PROCEDURE ................................................................12

         D.     OFI INVEST WILL FAIRLY AND ADEQUATELY
               REPRESENT THE INTERESTS OF THE CLASS AND
               IS NOT SUBJECT TO UNIQUE DEFENSES ........................15

    III.   MOVANT'S SELECTION OF COUNSEL SHOULD
         BE APPROVED..................................................................................15

CONCLUSION.....................................................................................................17

Case 3:24-cv-01238   Document 22-1   Filed 12/16/24   Page 2 of 22 PageID #: 183

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Bricklayers of W. Pennsylvania Pension Plan v. Hecla Min. Co.*,
2012 WL 2872787 (D. Idaho July 12, 2012)......................................................10

*City of Fort Lauderdale Police and Firefighters Retirement System v.
Acadia Healthcare Company, Inc. et al.*,
No. 3:24-cv-01447 ...................................................................................2

*Dyar v. Acadia Healthcare Company, Inc. et al.*,
No. 3:24-cv-01300 ..................................................................................1, 2

*Farrah v. Provectus Biopharmaceuticals, Inc.*,
68 F. Supp. 3d 800 (E.D. Tenn. 2014)................................................................11

*Franchi v. Smiledirectclub, Inc.*,
No. 3:19-cv-00962, 2020 WL 6479561 (M.D. Tenn. Jan. 27, 2020)...................7

*Godinez v. Alere Inc.*,
No. 16-cv-10766 (D. Mass.) ...........................................................................13

*In re American Serv. Group, Inc.*,
No. 3:06-00323, 2006 WL 2503648 (M.D. Tenn. Aug. 28, 2006) ....................14

*In re Comverse Technology, Inc. Securities Litigation*,
No. 1:06-cv-01825 (E.D.N.Y.) .......................................................................16

*In re Delphi Corp. Secs., Derivative & "ERISA" Litig.*,
458 F. Supp. 2d 455 (E.D. Mich. 2006) .......................................................11, 14

*In re Petrobras Securities Litigation*,
No. 14-cv-09662 (S.D.N.Y.)............................................................................16

*In re Regions Morgan Keegan Closed-End Fund Litig.*,
No. 07-02830, 2010 WL 5173851 (W.D. Tenn. Dec. 15, 2010).................12, 14

*Kachrodia v. Acadia Healthcare Company, Inc. et al.*,
No. 3:24-cv-01238 ................................................................................1, 2, 9

Case 3:24-cv-01238    Document 22-1    Filed 12/16/24    Page 3 of 22 PageID #: 184

*Klein v. Altria Group, Inc. et al,*
    No. 3:20-cv-00075 (E.D. Va.) ...................................................................................16

*Ofi Invest Asset Management, et al v. Lamb Weston*
    *Holdings, Inc. et al,*
    No. 1:24-cv-00282 (D. Idaho) ...................................................................................13

*OFI Risk Arbitrages v. Cooper Tire & Rubber Co.,*
    63 F. Supp. 3d 394 (D. Del. 2014)...........................................................................10

**Statutes**

15 U.S.C. § 78u-4.............................................................................................*passim*

Private Securities Litigation Reform Act of 1995 .............................................*passim*

Securities Act of 1933.............................................................................................8

Securities Exchange Act of 1934 .......................................................................1, 8

**Rules**

Fed. R. Civ. P. 23 ...............................................................................................9, 12

Fed. R. Civ. P. 42 ............................................................................................1, 7, 8

Movant Ofi Invest Asset Management ("Ofi Invest"), on behalf of Ofi Invest Actions Amérique ("Ofi IAAI") and Ofi Invest Révolution Démographique Monde ("Ofi IRDM" and, together with Ofi IAAI, the "Funds"), respectfully submits this memorandum of law in support of its motion for an Order, pursuant to Federal Rule of Civil Procedure 42 ("Rule 42") and Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"):

(a)    consolidating the above-captioned related actions (the "Related Actions");

(b)    appointing Ofi Invest as Lead Plaintiff on behalf of a class (the "Class") consisting of all persons and entities that purchased or otherwise acquired Acadia Healthcare Company, Inc. ("Acadia Healthcare") securities between February 8, 2020 and October 30, 2024, inclusive (the "Class Period");[1] and

---

[1] The complaint filed in the first of the Related Actions, styled *Kachrodia v. Acadia Healthcare Company, Inc. et al.*, No. 3:24-cv-01238 (the "*Kachrodia* Action"), filed in this Court on October 16, 2024, alleges a class definition and class period including persons or entities who purchased or otherwise acquired publicly traded Acadia Healthcare securities between February 28, 2020 and September 26, 2024, inclusive. *See* Dkt. No. 1 ¶ 1. Then, on October 29, 2024, the related action styled *Dyar v. Acadia Healthcare Company, Inc. et al.*, No. 3:24-cv-01300 (the "*Dyar* Action"), was filed in this Court, alleging substantially the same wrongdoing against the same defendants as the *Kachrodia* Action and alleging a class definition and class period including all persons and entities that purchased or acquired Acadia Healthcare securities between February 28, 2020 and October 18, 2024, inclusive. *See Dyar* Action, Dkt. No. 1 ¶ 1. On November 26, 2024, this Court entered an Order, *inter alia*, consolidating the *Kachrodia* and

1

(c) approving Ofi Invest's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel and Bramlett Law Offices as Liaison Counsel for the Class.

## BACKGROUND

As the Complaints in the Related Actions allege, Acadia Healthcare provides behavioral healthcare services in the United States. As of 2023, Acadia Healthcare operated 253 behavioral healthcare facilities with approximately 11,200 beds in 38 states and Puerto Rico. Acadia Healthcare's facilities include acute inpatient psychiatric facilities, specialty treatment facilities, comprehensive treatment centers, and residential treatment centers.

Most of Acadia Healthcare's revenue comes from acute inpatient psychiatric facilities. Acadia Healthcare claims its acute inpatient psychiatric facilities provide a "high level of care" to stabilize patients that are a threat to themselves or others, and that typical lengths of stay for "crisis stabilization" and "acute care" range from three to five days and from five to twelve days, respectively.

---

*Dyar* Actions. *See generally* Dkt. No. 18. Finally, on December 10, 2024, the related action styled *City of Fort Lauderdale Police and Firefighters Retirement System v. Acadia Healthcare Company, Inc. et al.*, No. 3:24-cv-01447 (the "*City of Fort Lauderdale* Action"), was filed in this Court, alleging substantially the same wrongdoing against the same defendants as the *Kachrodia* and *Dyar* Actions, and alleging a class definition and class period including all persons and entities that purchased or otherwise acquired Acadia Healthcare securities between February 8, 2020 and October 30, 2024, inclusive. *See City of Fort Lauderdale* Action, Dkt. No. 1 ¶ 1. Therefore, to avoid excluding any potential class members, this motion has adopted the longest class alleged in the *City of Fort Lauderdale* Action.

2

Acadia Healthcare receives payments from various payors, including state governments under their Medicaid and other programs, commercial insurers, the federal government under the Medicaid program administered by the Centers for Medicare and Medicaid Services, and individual patients and clients. As of 2023, Acadia Healthcare received most of its payments from Medicaid.

The Complaints in the Related Actions allege that, throughout the Class Period, the above-captioned defendants ("Defendants") made statements that were materially false and/or misleading because they misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operations and prospects, which were known to Defendants or recklessly disregarded by them. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) Acadia Healthcare's business model centered on holding vulnerable people against their will in its facilities, including in cases where it was not medically necessary to do so; (2) while in Acadia Healthcare facilities, many patients were subjected to abuse; (3) Acadia Healthcare deceived insurance providers into paying for patients to stay in its facilities when it was not medically necessary; and (4) as a result, Defendants' statements about Acadia Healthcare's business, operations, and prospects, were materially false and misleading and/or lacked a reasonable basis at all relevant times.

3

On September 1, 2024, the truth began to emerge when *The New York Times* (the "*NY Times*") published an article entitled "How a Leading Chain of Psychiatric Hospitals Traps Patients". According to the article, a *NY Times* investigation found that some of Acadia Healthcare's success "was built on a disturbing practice: Acadia has lured patients into its facilities and held them against their will, even when detaining them was not medically necessary."

The article details how, "at Acadia, patients were often held for financial reasons rather than medical ones, according to more than 50 current and former executives and staff members." The article further describes how, "[i]n at least 12 of the 19 states where Acadia operates psychiatric hospitals, dozens of patients, employees and police officers have alerted the authorities that the company was detaining people in ways that violated the law. . . . In some cases, judges have intervened to force Acadia to release patients."

On this news, the price of Acadia Healthcare common stock fell more than 4.5%, from a closing price of $81.93 per share on August 30, 2024, the prior trading day, to a closing price of $78.21 per share on September 3, 2024, the following trading day.

On September 26, 2024, the *NY Times* published another article, entitled "Acadia Hospitals Reach $20 Million Settlement With Justice Dept." This article reported that Acadia Healthcare had agreed to a nearly $20 million settlement with

the U.S. Department of Justice (the "DOJ"), related to a DOJ investigation into the Company's practices of holding "patients for longer than necessary" at its facilities and admitting "people who didn't need to be there."

On September 27, 2024, before the markets opened, Acadia Healthcare disclosed that on September 24, 2024 it had received a request for information from the U.S. Attorney's Office for the Southern District of New York and a grand jury subpoena from the U.S. District Court for the Western District of Missouri "related to its admissions, length of stay and billing practices."

On this news, the price of Acadia Healthcare common stock fell more than 16%, from a closing price of $75.66 per share on September 26, 2024, to a closing price of $63.28 per share on September 27, 2024.

On October 3, 2024, Acadia Healthcare received a letter from Adam B. Schiff, Judy Chu, and Julia Brownley, members of the U.S. House of Representatives from California. Their letter sought answers to questions raised by the Article, including reports "that inpatient psychiatric facilities owned by Acadia Healthcare have wrongfully detained patients under medically unnecessary circumstances."

On this news, the price of Acadia Healthcare common stock fell more than 3.5%, from a closing price of $58.80 per share on October 2, 2024, to a closing price of $56.71 per share on October 3, 2024.

On October 18, 2024, the *NY Times* published another article entitled "Veterans Dept. Investigating Acadia Healthcare for Insurance Fraud." According to that article, the Veterans Affairs Department is investigating whether Acadia Healthcare "is defrauding government health insurance programs by holding patients longer than is medically necessary" and "whether Acadia billed insurance programs for patients who were stable enough to be released and did not need intensive inpatient care, according to three people with knowledge of the inquiry."

On this news, the price of Acadia Healthcare common stock fell more than 12%, from a closing price of $59.32 per share on October 17, 2024, to a closing price of $52.03 per share on October 18, 2024.

Then, on October 30, 2024, Acadia issued a press release announcing its financial results for the third quarter of 2024. In the press release, Acadia Healthcare disclosed that it had lowered its full-year 2024 revenue outlook to a range of $3.15 to $3.165 billion. Acadia Healthcare also lowered its full-year 2024 adjusted earnings before interest, taxes, depreciation, and amortization to a range of $725 to $735 million.

During the related earnings call held the next day on October 31, 2024, Chief Financial Officer Heather Dixon disclosed that the lowered full-year 2024 guidance was in part due to slower same-store patient day growth of only 3% in the

6

month of October, "which we believe is a result of the recent headlines and reporting in the media."

On this news, the price of Acadia Healthcare common stock fell more than 18%, from a closing price of $52.08 per share on October 30, 2024, to a closing price of $42.69 per share on October 31, 2024.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, the plaintiffs in the Related Actions and other Class members have suffered significant losses and damages.

## **ARGUMENT**

### I. THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

Consolidation of cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a); *see also Franchi v. Smiledirectclub, Inc.*, No. 3:19-cv-00962, 2020 WL 6479561, at *2-3 (M.D. Tenn. Jan. 27, 2020).

7

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this title is filed." 15 U.S.C. § 78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Rule 42(a).

Each of the Related Actions has been filed in this Court alleging similar factual and legal grounds to support allegations of violations of the federal securities laws by the same defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the Related Actions should be consolidated pursuant to Rule 42(a) for all purposes.

## II. OFI INVEST SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Securities Act and the Exchange Act. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. §§ 78u-4(a)(3)(B)(i) & (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Ofi Invest satisfies all of these criteria and is thus entitled to the presumption that it is the most adequate plaintiff of the Class, and that, as a result, Ofi Invest should be appointed as Lead Plaintiff.

### A. OFI INVEST IS WILLING TO SERVE AS A CLASS REPRESENTATIVE

On October 16, 2024, counsel for plaintiff in the *Kachrodia* Action caused a notice to be published over *Business Wire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA (the "Notice"), which announced that a securities class action had been filed against Defendants and advised investors of Acadia Healthcare securities that they had until December 16, 2024—*i.e.*, 60 days from the date of the Notice's publication—to file a motion to be appointed as Lead Plaintiff. *See* Lieberman Decl., Ex. B.

Ofi Invest has filed the instant motion pursuant to the Notice and has attached a Certification signed on its behalf by Eric Bertrand, Deputy Chief Executive Officer of Ofi Invest, with authority to institute legal action on behalf of Ofi Invest and the Funds, attesting that Ofi Invest, on behalf of the Funds, is

9

willing to serve as a representative for the Class and to provide testimony at deposition and trial, if necessary. *See* Lieberman Decl., Ex. C. Ofi Invest is an institutional asset manager, which manages investment assets through separate funds and is the exclusive party authorized to bring legal action on their behalf. *See id.*, ¶ 1. The Funds are managed by Ofi Invest and purchased and held Acadia Healthcare stock during the Class Period. *See generally id.* The Funds are structured as Fonds Commun de Placements ("FCPs") and are organized under the laws of France. Under French law, the Funds do not have a legal personality and cannot sue in their own name. Instead, Ofi Invest, as manager for the Funds, has the exclusive right to engage in litigation on behalf of the Funds. *See id.* ¶ 1. *See also OFI Risk Arbitrages v. Cooper Tire & Rubber Co.*, 63 F. Supp. 3d 394, 404 (D. Del. 2014) (appointing Ofi Invest as lead plaintiff after finding that it had standing to sue on behalf of FCPs that it managed); *see also Bricklayers of W. Pennsylvania Pension Plan v. Hecla Min. Co.*, 2012 WL 2872787, at *5 (D. Idaho July 12, 2012) (appointing as lead plaintiff an investment manager suing on behalf of an FCP). Accordingly, Ofi Invest satisfies the first requirement to serve as Lead Plaintiff of the Class.

## B.     OFI INVEST HAS THE LARGEST FINANCIAL INTEREST

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest

financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

While the Sixth Circuit has not adopted a specific approach to calculating the largest financial interest, courts have typically appointed lead plaintiffs on the basis of having the largest loss. *See Farrah v. Provectus Biopharmaceuticals, Inc.*, 68 F. Supp. 3d 800, 804 (E.D. Tenn. 2014) (appointing as lead plaintiff the movant who had suffered a larger loss and holding that said movant had the largest financial interest); *In re Delphi Corp. Secs., Derivative & "ERISA" Litig.*, 458 F. Supp. 2d 455, 461 (E.D. Mich. 2006) (explaining that Congress hoped that selecting plaintiffs with the largest financial loss would lead to plaintiffs with the largest financial interest being appointed).

During the Class Period, the Funds: (i) purchased 223,024 shares of Acadia Healthcare stock; (ii) expended $16,829,818 on these purchases; (iii) retained 124,212 shares of Acadia Healthcare stock as of September 27, 2024, when the truth regarding Defendants' alleged fraud continued to emerge (*see* Dkt. No. 1 ¶¶ 87-88); and (iv) as a result of the disclosure of the alleged wrongdoing at issue, suffered a loss of $2,400,752. *See* Lieberman Decl., Ex. A.

Ofi Invest is not aware of any other movant that has a larger financial interest in the Related Actions. Accordingly, Ofi Invest satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the Class.

11

## C. OFI INVEST SATISFIES THE REQUIREMENTS OF RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure" ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification—a *prima facie* showing that Ofi Invest satisfies the requirements of Rule 23 is sufficient. *In re Regions Morgan Keegan Closed-End Fund Litig.*, No. 07-02830, 2010 WL 5173851, at *5 (W.D. Tenn. Dec. 15, 2010). Moreover, "Rule 23 establishes two requirements for appointing a lead plaintiff . . . 'typicality' and 'adequacy.'" *Id.*

Ofi Invest fulfills the requirements of Rule 23. Ofi Invest's claims share substantially similar questions of law and fact with the members of the Class, and

its claims are typical of those of the members of the Class. Ofi Invest and all members of the Class allege that Defendants violated the federal securities laws by failing to disclose material facts about Acadia Healthcare's business and financial condition. The Funds, as did all of the members of the Class, purchased or otherwise acquired Acadia Healthcare securities at prices artificially inflated by Defendants' misstatements and omissions, and were damaged thereby. These shared claims also satisfy the requirement that the claims of the representative parties be typical of the claims of the class.

Ofi Invest is an adequate representative for the Class. As set forth in greater detail below, Ofi Invest has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as the Related Actions, and submits its choice of Pomerantz to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). Moreover, there is no antagonism between the interests of Ofi Invest and those of the Class, and the Funds' losses demonstrate that Ofi Invest has a sufficient interest in the outcome of this litigation.

Moreover, Ofi Invest is a sophisticated institutional investor. Ofi Invest served as lead plaintiff, together with another institutional investor, in *Godinez v. Alere Inc.*, No. 16-cv-10766 (D. Mass.), and recovered $20 million for investors. In addition, Ofi Invest was recently appointed as lead plaintiff, together with another institutional investor, in *Ofi Invest Asset Management, et al v. Lamb*

13

*Weston Holdings, Inc. et al*, No. 1:24-cv-00282 (D. Idaho). As such, its appointment would be consistent with the PSLRA's preference for the appointment of institutional investors as class representatives in securities class actions. *See* H.R. Conf. Rep. No. 104-369, at 34 ("increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions"). Indeed, courts in this Circuit and throughout the country strongly prefer appointment of institutional investors to lead complex securities class actions. *See, e.g., In re American Serv. Group, Inc.*, No. 3:06-00323, 2006 WL 2503648, at *3 (M.D. Tenn. Aug. 28, 2006) (stating that "the PSLRA's legislative history reflects Congressional intent to favor institutional investors, that have the greater financial resources and experience to satisfy their fiduciary duties to the class members"); *In re Regions*, 2010 WL 5173851, at *6 ("One of the main purposes Congress sought to advance when enacting the PSLRA was to promote the appointment of institutional investors as lead plaintiffs."); *In re Delphi Corp.*, 458 F. Supp. at 461 (finding that "[i]n Congress's view, institutional investors should serve as lead plaintiffs where possible, since they are most likely to have the most at stake in the case and be the most sophisticated and competent litigants").

**D. OFI INVEST WILL FAIRLY AND ADEQUATELY REPRESENT THE INTERESTS OF THE CLASS AND IS NOT SUBJECT TO UNIQUE DEFENSES**

The presumption in favor of appointing Ofi Invest as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Ofi Invest's ability, and its desire, to represent the Class fairly and adequately is discussed above. Ofi Invest is not aware of any unique defenses Defendants could raise against it that would render Ofi Invest inadequate to represent the Class. Accordingly, the Court should appoint Ofi Invest as Lead Plaintiff for the Class.

**III. MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with lead plaintiff's selection only when necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

15

Ofi Invest has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in its firm resume submitted herewith. *See* Lieberman Decl., Ex. D. In overview, Pomerantz is a premier firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, Paris, France, London, the U.K., and Tel Aviv, Israel. *See id.* For more than 85 years, Pomerantz has represented defrauded investors. *See id.* As lead counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the largest settlement ever in a class action involving a foreign issuer and the fifth largest class action settlement ever achieved in the United States. *See id.* Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 1:06-cv-01825 (E.D.N.Y.), in June 2010, and the $90 million settlement in *Klein v. Altria Group, Inc. et al*, No. 3:20-cv-00075 (E.D. Va.) in March 2022. *Id.*

Ofi Invest has also selected Bramlett Law Offices as Liaison Counsel for the Class. Paul Kent Bramlett and Robert Preston Bramlett of Bramlett Law Offices of Nashville regularly practice in the Middle District of Tennessee, have handled

numerous class actions in all district courts of Tennessee, are admitted to practice in the Middle District, and can ably serve the Class if so appointed. *See* Lieberman Decl., Ex. E.

As a result of both firms' experience in litigation involving issues similar to those raised in the Related Actions, Ofi Invest's counsel have the skills and knowledge to prosecute the Related Actions effectively and expeditiously. Thus, the Court may be assured that by approving Ofi Invest's selection of Lead Counsel and Liaison Counsel, the members of the Class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Ofi Invest respectfully requests that the Court issue an Order: (1) consolidating the Related Action; (2) appointing Ofi Invest, on behalf of the Funds, as Lead Plaintiff; and (3) approving Lead Plaintiff's selection of Pomerantz as Lead Counsel and Bramlett Law Offices as Liaison Counsel.

Dated: December 16, 2024            Respectfully submitted,

*/s/ Paul Kent Bramlett*
BRAMLETT LAW OFFICES
PAUL KENT BRAMLETT
TN SUP CT #7387/MS SUP CT #4291
ROBERT PRESTON BRAMLETT
TN SUP CT #25895
40 Burton Hills Blvd., Suite 200
P. O. Box 150734
Nashville, TN 37215

17

Telephone: 615.248.2828
Facsimile: 866.816.4116
PKNASHLAW@aol.com
Robert@BramlettLawOffices.com

*Counsel for Ofi Invest Asset Management,
on behalf of Ofi Invest Actions Amérique
and Ofi Invest Révolution Démographique
Monde and Proposed Liaison Counsel for
the Class*

POMERANTZ LLP
Jeremy A. Lieberman
(*pro hac vice* application forthcoming)
J. Alexander Hood II
(*pro hac vice* application forthcoming)
600 Third Avenue
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for Ofi Invest Asset Management,
on behalf of Ofi Invest Actions Amérique
and Ofi Invest Révolution Démographique
Monde and Proposed Lead Counsel for the
Class*

18