# EXHIBIT C

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | |
|---|---|
| ANURAG KACHRODIA, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ACADIA HEALTHCARE COMPANY, INC., DEBRA K. OSTEEN, CHRISTOPHER H. HUNTER, DAVID M. DUCKWORTH, and HEATHER DIXON,<br><br>Defendants. | Case No. 3:24-cv-01238<br><br>CLASS ACTION<br><br>Chief Judge William L. Campbell, Jr. |
| CITY OF FORT LAUDERDALE POLICE AND FIREFIGHTERS' RETIREMENT SYSTEM, on Behalf of Itself and All Others Similarly Situated,<br>Plaintiff,<br><br>v.<br><br>ACADIA HEALTHCARE COMPANY, INC., DEBRA K. OSTEEN, CHRISTOPHER H. HUNTER, DAVID M. DUCKWORTH, and HEATHER DIXON,<br><br>Defendants. | Case No. 3:24-cv-01447<br><br>CLASS ACTION<br><br>Judge Aleta A. Trauger |

**JOINT DECLARATION OF KIM MACPHERSON, MARGARET CORLEY MICHEL, AND LYNN WENGUER IN SUPPORT OF THE MOTION OF THE PENSION FUNDS FOR APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF THEIR SELECTION OF COUNSEL, AND CONSOLIDATION OF RELATED ACTIONS**

We, Kim Macpherson, Margaret Corley Michel, and Lynn Wenguer, pursuant to 28 U.S.C. § 1746, declare as follows:

1. We respectfully submit this Joint Declaration in support of the motion of IBEW Local 353 Pension Plan ("Local 353"), Louisiana State Police Retirement System ("Louisiana Police"), and City of Fort Lauderdale Police and Firefighters' Retirement System ("Fort Lauderdale P&F," and collectively with Local 353 and Louisiana Police, the "Pension Funds") for appointment as Lead Plaintiff in the securities class action against Acadia Healthcare Company, Inc. ("Acadia" or the "Company") and certain of its current and former senior executives (collectively, "Defendants"), and approval of the Pension Funds' selection of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") and Saxena White P.A. ("Saxena White") to serve as Lead Counsel, and Sanford Heisler Sharp McKnight, LLP as Liaison Counsel for the class. We are informed of and understand the requirements and duties imposed by the Private Securities Litigation Reform Act of 1995 ("PSLRA") on the Lead Plaintiff, including the selection and retention of counsel, and overseeing the prosecution of the action. We each have personal knowledge about the information in this Joint Declaration relating to the institution with which we are respectively associated.

2. I, Kim Macpherson, am the Chief Executive Officer for the Toronto Electrical Industry Benefit Administration Services, which serves as the Administrator of Local 353, and I am authorized to make this declaration on behalf of Local 353. Based in Toronto, Canada, Local 353 is a multi-employer, defined benefit pension plan that manages assets on behalf of its active members and retirees, and their beneficiaries, who are members of the International Brotherhood of Electrical Workers union. As reflected in its certification, Local 353 purchased Acadia common

stock during the Class Period and suffered substantial losses on those investments as a result of the violations of the federal securities laws alleged in this action.

3. Local 353 is a sophisticated institutional investor with experience supervising counsel and acting as a fiduciary. Local 353 understands and accepts the duties and responsibilities with which a lead plaintiff is charged under the PSLRA. Local 353's familiarity with the PSLRA's requirements is informed by, among other things, its experience serving as lead plaintiff in other securities class actions, including working together with other institutional investors. For example, Local 353 currently serves as lead plaintiff, alongside three other institutional investors, in *Plumbers & Pipefitters Local Union #295 v. CareDx, Inc.*, No. 22-cv-3023 (N.D. Cal.), with Saxena White as co-lead counsel. Local 353 is also serving as lead plaintiff, together with another investor, in *In re Eargo Inc. Securities Litigation*, No. 21-cv-8597 (N.D. Cal.), with Bernstein Litowitz as co-lead counsel.

4. I, Margaret Corley Michel, am the Executive Director of Louisiana Police and I am authorized to make this declaration on behalf of Louisiana Police. Louisiana Police is a public pension fund that provides retirement benefits for Louisiana state police officers and their beneficiaries. As reflected in its certification, Louisiana Police purchased Acadia common stock during the Class Period and suffered substantial losses on those investments as a result of the violations of the federal securities laws alleged in this action. Louisiana Police is a sophisticated institutional investor with experience supervising counsel and acting as a fiduciary. Louisiana Police understands and accepts the duties and responsibilities with which a lead plaintiff is charged under the PSLRA.

5. I, Lynn Wenguer, am the Executive Director of Fort Lauderdale P&F and I am authorized to make this declaration on behalf of Fort Lauderdale P&F. Fort Lauderdale P&F is a

2

public pension fund that provides retirement benefits to police officers and firefighters for the City of Fort Lauderdale, Florida, and their families.  As reflected in its certification, Fort Lauderdale P&F purchased Acadia common stock during the Class Period and suffered substantial losses on those investments as a result of the violations of the federal securities laws alleged in this action.

6.     Fort Lauderdale P&F is a sophisticated institutional investor with experience supervising counsel and acting as a fiduciary.  Fort Lauderdale P&F understands and accepts the duties and responsibilities with which a lead plaintiff is charged under the PSLRA.  Fort Lauderdale P&F's familiarity with the PSLRA's requirements is informed by, among other things, its experience serving as lead plaintiff in other securities class actions, including in partnership with other institutional investors.  For example, Fort Lauderdale P&F served as lead plaintiff, alongside another institutional investor, in *In re Emergent BioSolutions Inc. Securities Litigation*, No. 21-cv-955 (D. Md.), and recovered $40 million for investors (pending court approval).  Fort Lauderdale P&F also served as lead plaintiff, together with two other institutional investors, in *In re Home Loan Servicing Solutions, Ltd. Securities Litigation*, No. 16-cv-60165 (S.D. Fla.) and recovered $6 million for investors, with Saxena White as lead counsel.  Fort Lauderdale P&F also served as co-lead plaintiff in *In re Ariad Pharmaceuticals, Inc. Securities Litigation*, No. 13-cv-12544 (D. Mass.), and recovered $3.5 million for investors, with Bernstein Litowitz as co-lead counsel.  In addition, Fort Lauderdale P&F currently serves as lead plaintiff, alongside another institutional investor, in *In re SelectQuote, Inc. Securities Litigation*, No. 21-cv-6903 (S.D.N.Y.), with Bernstein Litowitz as lead counsel, and as lead plaintiff, together with another institutional investor, in *In re Xponential Fitness Securities Litigation*, No. 24-cv-285 (C.D. Cal.).

7.     The Pension Funds are each highly motivated to recover the losses that they and the class incurred as a result of Defendants' alleged violations of the federal securities laws.  The

3

Pension Funds' primary goal in this litigation is to maximize the class's recovery from all potentially culpable parties. Accordingly, the Pension Funds believe that it is important for this case to be led by committed institutional investors with experience supervising the work of outside counsel, as well as a financial interest substantial enough to ensure that the claims are litigated vigorously, efficiently, and in the best interests of the class.

8. The Pension Funds each followed their own deliberative processes to determine whether to seek a leadership role in this action. As part of these processes, which included full consideration of the merits of Acadia investors' claims by decision-makers for each institution, the Pension Funds each independently determined to seek appointment as Lead Plaintiff in this case, and informed their respective counsel of their decision. In exploring their decision to pursue a leadership position in this case, the Pension Funds each considered whether there would be an opportunity to work with other institutional investors in seeking Lead Plaintiff appointment, and whether doing so would be in each of their respective interests and in the best interests of the class.

9. On December 11, 2024, after working with its counsel, Saxena White, to engage in an investigation of the claims against Acadia, Fort Lauderdale P&F filed a complaint expanding the Class Period and including additional allegations that were omitted from the previously filed complaints in this matter. After learning of the complaint filed by Fort Lauderdale P&F and the steps Fort Lauderdale P&F had taken to protect the interests of the class, Local 353 and Louisiana Police each independently determined that they should consider partnering with Fort Lauderdale P&F.

10. The Pension Funds recognize the benefits to the class that result from having a small, cohesive group of sophisticated institutions cooperate in the prosecution of complex securities actions. The Pension Funds each independently determined that they could maximize

4

the class's recovery by serving as Lead Plaintiff together in this case based on their: (1) investments and complementary trading in Acadia common stock throughout the Class Period; (2) ability to share and combine resources and their perspectives as fiduciaries to their respective members; and (3) shared goals and interests in protecting and maximizing pension fund assets and in enhancing the reliability and transparency of information disseminated by publicly traded corporations. After analyzing the merits of the claims investigated and filed by Saxena White and the respective losses incurred as a result of Defendants' alleged misconduct, and consulting with counsel, the Pension Funds approved the filing of their joint motion for Lead Plaintiff appointment.

11. The Pension Funds agree that their partnership is well-suited for this litigation and will further the interests of the class. The Pension Funds understand that the PSLRA and courts throughout the country, including courts in this District, permit groups of institutional investors to serve as lead plaintiff when they are able to effectively oversee counsel in an independent manner and demonstrate that they will vigorously prosecute the action in the best interests of the class. The Pension Funds believe that their joint oversight of the action can benefit the class by allowing them to share perspectives, experiences, and resources, and provide input on case strategy. The Pension Funds intend to prosecute this action in such a collaborative manner.

12. Before seeking appointment as Lead Plaintiff, representatives of the Pension Funds participated in a conference call to discuss their leadership of this litigation and commitment to jointly prosecute this action. During this call, representatives of the Pension Funds discussed, among other things: the facts and the merits of the claims against Defendants; the losses arising from Defendants' alleged misconduct; the strategy for the prosecution of this litigation; their shared interest in serving jointly as Lead Plaintiff in this case and their commitment to take an active role in supervising the prosecution of the action; and the benefits that the class would receive

5

from their joint leadership of the case. The Pension Funds believe that by working together they will ensure that the class's claims are efficiently and zealously prosecuted through their oversight of proposed Lead Counsel, Bernstein Litowitz and Saxena White.

13. The Pension Funds intend to share their perspectives, experiences, and resources to direct this litigation. Representatives of the Pension Funds have exchanged their respective contact information and have discussed with each other the importance of joint decision-making and maintaining open lines of communication, and we have acknowledged that the Pension Funds have in place procedures that will enable each of them to confer, with or without their counsel, via telephone and/or email on short notice to ensure that they are able to make timely decisions.

14. The Pension Funds intend to communicate with proposed Lead Counsel, and with each other separately from proposed Lead Counsel, as often as necessary to discuss major litigation developments and to ensure the vigorous and efficient prosecution of the action. Given the common goals and incentives of the Pension Funds to maximize the class's recovery in this case, as well as their shared roles as fiduciaries to protect and maximize assets held for the benefit of their funds' participants, the Pension Funds do not envision having any dispute relating to their oversight of this action. However, in the unlikely event that any such disputes may arise, the Pension Funds will engage in thorough discussion with each other and our counsel to resolve any such disputes collaboratively and come to a resolution.

15. The Pension Funds also understand that it is the Lead Plaintiff's obligation under the PSLRA to select qualified Lead Counsel and to supervise Lead Counsel's prosecution of the case to ensure that the action is prosecuted efficiently. The Pension Funds decided to jointly seek appointment as Lead Plaintiff, in part, because of their shared desire to ensure that this action is prosecuted in an efficient and economical manner. As Lead Plaintiff, the Pension Funds will

6

ensure that Lead Counsel only acts pursuant to their mandate. With respect to the Pension Funds' selected counsel, Bernstein Litowitz and Saxena White, we believe that the class will benefit from having law firms that are highly experienced in prosecuting complex securities class actions successfully as lead counsel.

16. The Pension Funds are familiar with the experience, resources, and qualifications of Bernstein Litowitz and Saxena White, and are aware that they are accomplished law firms that have achieved significant recoveries from defendants in securities class actions like this case, as well as other shareholder lawsuits. The Pension Funds are also aware that Bernstein Litowitz and Saxena White have previously worked together as co-lead counsel in prosecuting other securities class actions, including: *In re Wilmington Trust Securities Litigation*, No. 10-cv-990 (D. Del.) (achieving a $210 million recovery for the class—the second-largest securities class action recovery in Delaware history); *In re Rayonier Inc. Securities Litigation*, No. 14-cv-1395 (M.D. Fla.) (recovering $73 million for the class); *In re James River Group Holdings, Ltd. Securities Litigation*, No. 21-cv-444 (E.D. Va.) (recovering $30 million for the class); *In re Tower Group International, Ltd. Securities Litigation*, No. 13-cv-5852 (S.D.N.Y.) (recovering $20.5 million for the class); and *In re Merit Medical Systems, Inc. Securities Litigation*, No. 19-cv-2326 (C.D. Cal.) (recovering $18.25 million for the class). Additionally, we are aware that Bernstein Litowitz and Saxena White are currently working together as co-lead counsel in *Pembroke Pines Firefighters & Police Officers Pension Fund v. Integra Lifesciences Holdings Corporation*, No. 23-cv-20321 (D.N.J.), and *In re Toronto-Dominion Bank/First Horizon Corporation Securities Litigation*, No. 23-cv-02763 (D.N.J.). As a result, the Pension Funds each believe that, under their leadership, Bernstein Litowitz and Saxena White will prosecute this litigation in a zealous and efficient manner, and in the best interests of the class. That belief is further informed by Local 353's and

7

Fort Lauderdale P&F's prior experience as lead plaintiff overseeing the work of Bernstein Litowitz and Saxena White.

17. The Pension Funds reaffirm their commitment to satisfying the fiduciary obligations that they will assume if appointed Lead Plaintiff, including conferring with counsel regarding litigation strategy and other matters, attending court proceedings, depositions, settlement mediations, and hearings as needed, and reviewing and authorizing the filing of important litigation documents. Through these and other measures, the Pension Funds will ensure that the securities class action against Defendants will be vigorously prosecuted consistent with the Lead Plaintiff's obligations under the PSLRA and in the best interests of the class.

**[REMAINDER INTENTIONALLY BLANK]**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing statements relating to Local 353 are true to the best of my knowledge.

Executed this 16th day of December 2024.

_____
Kim Macpherson

*On behalf of Local 353*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements relating to Louisiana Police are true to the best of my knowledge.

Executed this 16th day of December 2024.


_____

Margaret Corley Michel

*On behalf of Louisiana Police*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements relating to Fort Lauderdale P&F are true to the best of my knowledge.

Executed this __16__ day of December 2024.


_____
Lynn Wenguer

*On behalf of Fort Lauderdale P&F*