# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE

|  |  |
|---|---|
| ANURAG KACHRODIA, Individually and on Behalf of All Others Similarly Situated,<br><br>     *Plaintiff,*<br><br>v.<br><br>ACADIA HEALTHCARE COMPANY, INC. et al.,<br><br>     *Defendants.* | Case No.: 3:24-cv-01238 (Consolidated) |

## <u>DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITIES</u>

Defendants respectfully submit this Notice in further support of their Motion to Dismiss (Dkt. 62), to update the Court on a recent binding decision as well as two other relevant decisions.

**1.** *Newtyn Partners, LP v. Alliance Data Sys.*, **165 F.4th 947 (6th Cir. 2026), Ex. A**

In *Newtyn*, plaintiff's scienter allegations "borrow[ed] extensively" from other complaints outside plaintiff's firsthand knowledge, *id.* at 965. Affirming dismissal, the Sixth Circuit held that such "allegations resting on mere 'information and belief' cannot support a strong inference of scienter," *id.* at 966. Indeed, plaintiff's "sweeping reliance on [an] adversary complaint alone… deeply undermine[d] its claim on scienter grounds," *id.* Here, Plaintiff relies entirely on allegations copy-pasted from others' articles and complaints, Dkt. 63 ("MTD") 10-11; Dkt. 71 ("Reply") 5-6, which "cannot support a strong inference of scienter" as a matter of law, *Newtyn*, 165 F.4th at 966.

The Sixth Circuit also held that "a statement cannot be misleading when the words spoken and the facts omitted operate on different 'levels of generality,'" *id.* at 963. Thus, "generic remarks" about the company's "stable client base" and "deep, long-standing relationships," were not misleading where the company did not disclose that a key client relationship was worsening, *id.* That's because those general statements would "not cause a reasonable investor to infer anything about the terms of the [company]'s *specific* contractual relationships," *id.* (emphasis added). Plus, the company's risk warnings that it could lose clients made it "an even easier call" that the statements were not actionable, *id.* at 962. So too here. As in *Newtyn*, Plaintiff alleges that generic remarks about quality misled investors as to the existence of specific facility-level misconduct, Dkt. 69 ("Opp.") 8, 10-12, 15; *Newtyn* rejects that mismatch: no reasonable investor would have understood generic remarks about quality as a guarantee that Acadia was not experiencing quality lapses in some facilities, MTD 11-12, 21; Reply 8-9. That's particularly true, given that (as in *Newtyn*) Acadia warned that it has experienced and does experience quality lapses.

Separately, *Newtyn* re-endorses the holdings in *Bondali v. Yum! Brands, Inc.*, 620 F. App'x 483 (6th Cir. 2015) and *Kolominsky v. Root, Inc.*, 100 F.4th 675 (6th Cir. 2024) that risk warnings are not actionable "where a plaintiff claims that 'defendants should have disclosed risk factors *are* affecting financial results rather than *may* affect financial results." 165 F.4th at 964. Plaintiff's argument that Acadia only warned of hypothetical consequences, Opp. 22-23, fails under that rule, MTD 20; Reply 9. Finally, *Newtyn* rejected plaintiffs' scheme liability theory premised "on the same basic facts" as their 10b-5(b) claims, 165 F.4th at 971. Here, both of Plaintiff's 10b-5 theories also allege that Acadia "conceal[ed]" a scheme to inflate profits in "public misstatements," requiring dismissal. Opp. 1, 8 (scheme involved failure to "disclose"); MTD 30; Reply 5 n.9.

**2. *In re Sotera Health Co. Sec. Litig.*, 2026 WL 508962 (6th Cir. Feb. 24, 2026), Ex. B**

In *Sotera*, plaintiffs alleged that "statements boasting [of the company's] regulatory compliance and expressing optimism regarding [pending] litigation" were misleading due to a "history of regulatory noncompliance," *id.* at *4. Affirming dismissal, the Sixth Circuit held that such "generalized statements…constitute non-material opinion statements," *id.* It further held that investors could not have been misled, given the company's warnings that "[it] may not at all times be in full compliance and, as a result, could be subject to significant civil and criminal…penalties," *id.* at *2. The plaintiffs also claimed that failure to "disclose several important qualifying facts," like an alleged history of regulatory noncompliance and safety failures, misled investors as to the same generalized statements, *id.* at *5. The Sixth Circuit rejected that theory too, holding the statements were not hard, "objective" statements and did not "refer to any ***specific*** data or processes which a reasonable investor could use to ***measure*** Sotera's compliance" and were thus immaterial as a matter of law, *id.* (emphasis added). Plus, the company had "*already revealed* the essence of" the alleged noncompliance and safety failures, *id.* Like *Newtyn* discussed above,

*Sotera* also compels dismissal here because the quality statements were generalized and did not refer to specific measures of quality, and Acadia warned that quality lapses sometimes do occur.

In *Sotera*, plaintiffs claimed that defendants had "actual knowledge" that they would face a negative litigation outcome, *id.* at *6. The Sixth Circuit rejected that argument, as defendants "could have anticipated valid defenses," even though they had previously lost a related trial, *id.* Here, Defendants did not and could not have known the size of the *Inman* verdict based solely on a default judgment, especially where Acadia did not know the quantum of claimed damages and continued to litigate damages issues through trial, MTD 27, 30; Reply 10.

**3.      *City of Southfield Gen. Emps. Ret. Sys. v. Advance Auto Parts, Inc.*, __ F.4th __, 2026 WL 438677 (4th Cir. Feb. 17, 2026), Ex. C**

In *Auto Parts*, plaintiffs "ask[ed the court] to infer that because defendants were focused on margins, they were closely monitoring other metrics that could affect margins," *id.* at *5. Plaintiff argues the same here, just as to care quality. Opp. 24-25. Affirming dismissal, the Fourth Circuit rejected that argument: "while defendants may have been focused on margins, [plaintiff] hasn't connected that focus to a knowledge of" the alleged conduct affecting those margins. 2026 WL 438677, at *5; *see* Reply 1-2 (arguing same for quality). *Auto Parts* also held that confidential witness allegations did not support scienter without an "indication that the employee passed their concerns on to the individual defendants or that the individual defendants were otherwise aware of the problems," 2026 WL 438677, at *7 (cleaned up). Here too, there is no allegation that the people interviewed by the *Times* communicated their concerns to Defendants, MTD 14; Reply 6.

*Auto Parts* also held that "misapplication of accounting principles" is not enough; plaintiffs must plead the "missing link": that defendants "had access to the correct accounting information and deliberately or recklessly ignored it," 2026 WL 438677, at *7. Here, no alleged facts show Defendants knew the magnitude of liability in advance, but ignored it, MTD 29; Reply 10.

3

Dated: March 9, 2026

Respectfully submitted,

/s/ *Sandra C. Goldstein*

Sandra C. Goldstein, P.C. (*pro hac vice*)
Alexander J. Rodney, P.C. (*pro hac vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
sandra.goldstein@kirkland.com
alexander.rodney@kirkland.com

Milton S. McGee, III (BPR #24150)
Elizabeth O. Gonser (BPR #26329)
**RILEY & JACOBSON, PLC**
1906 West End Avenue
Nashville, TN 37203
Telephone:  (615) 320-3700
Facsimile:  (615) 320-3737
tmcgee@rjfirm.com
egonser@rjfirm.com

*Counsel for Defendants*

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 9, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which provided electronic service upon all counsel of record.

/s/ *Sandra C. Goldstein*
Sandra C. Goldstein, P.C. (*pro hac vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
sandra.goldstein@kirkland.com

*Counsel for Defendants*

5