UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | |
|---|---|
| ANURAG KACHRODIA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ACADIA HEALTHCARE COMPANY, INC., et al.,<br><br>Defendants. | Civil Action No. 3:24-cv-01238 (Consolidated)<br><br>CLASS ACTION<br><br>Chief Judge William L. Campbell, Jr.<br>Magistrate Judge Jeffery S. Frensley<br><br>PLAINTIFF'S RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITIES |

Lead Plaintiff California Public Employees' Retirement System respectfully submits this response to Defendants' Notice of Supplemental Authorities ("Notice"). ECF 73. The Notice constitutes an unauthorized brief that should be disregarded. Rather than provide short summaries of the cases submitted, the Notice includes improper additional argument that amounts to an unpermitted supplemental brief. Even if considered, however, the Notice does not support Defendants' motion to dismiss, which should be denied.

A notice of supplemental authority "***must*** be limited to brief summaries of the relevant documents. Anything more, if it relates to the same motion, amounts to a surreply requiring leave of court." *In re Caterpillar Inc.*, 2020 WL 1923227, at *6 (M.D. Tenn. Apr. 21, 2020) (holding that although litigants can provide a "simple" notice "appris[ing]" the court "of any relevant developments," "such notifications cannot be tantamount to supplemental briefs of law containing additional arguments that grant the filing party an unfair advantage").[1]

Here, Defendants did not seek the Court's permission under Local Rule 7.01 to submit supplemental briefing. Instead, Defendants circumvented that rule using "notice" as a pretext to submit improper additional argument that even cites to the parties' prior briefing. *See, e.g.,* Notice at 1 ("Here, Plaintiff relies entirely on . . ."); *id*. ("Plaintiff alleges that generic remarks . . . ."); *id*. at 2 ("Plaintiff's argument . . . fails . . . ."); *id*. at 1 ("Acadia warned that . . . ."); *id*. at 2-3 (dismissal compelled "here because . . ."); *id*. at 3 ("Here, no alleged facts show . . . .").

And this is not the first time that Defendants have submitted improper additional argument in connection with their motion to dismiss. Defendants previously attached 32 pages of "annexes" to their motion (*see* ECF 69 at 8, n.1) that should also be disregarded as inappropriate

---

[1] Unless otherwise notes, all emphasis is added and citations omitted throughout.

supplementary argument in excess of the Court's already-extended 30-page limit. *See* ECF 58 (enlarging page limit for Defendants' motion to dismiss to 30 pages).

Because the Notice goes beyond the permissible scope of a notice of supplemental authority, it should be disregarded, too. *See, e.g., Caterpillar Inc.*, 2020 WL 1923227, at *6 (disregarding a so-called "notice of supplemental authority"). But, even if the Notice were appropriate (it is not), the three cases Defendants cite do not support their motion to dismiss.

Scienter here does not rely on an "adversary complaint," as in *Newtyn Partner, LP v. Alliance Data Sys. Corp.*, 165 F.4th 947, 965 (6th Cir. 2026). Rather, Plaintiff's allegations are based, in part, on fact-finding and reporting by *The New York Times* supported by accounts from over ***one hundred Acadia employees, internal Company documents, regulatory findings, and court records*** – all further corroborated by a Department of Justice investigation and settlement (ECF 69 at 3-4, 10) – as well as numerous "*Helwig* factors" and other facts demonstrating a strong scienter inference. *See id*. at 24-33.

Nor are there differing "'levels of generality'" between the misstatements and omitted facts. *Newtyn*, 165 F.4th at 963. Defendants' statements touting the "quality of care" Acadia purportedly provided would cause a "reasonable investor to infer" (*id*. at 963) that Acadia sought to provide, and actually did provide, quality care. But the omitted facts show otherwise – Defendants concealed a widespread scheme to inflate revenue by ***understaffing clinics and trapping patients in psychiatric hospitals***, without medical justification, in order to increase the length of patient stays and prolong insurance payments. ECF 69 at 2-4, 8-10, 14-18. Acadia's tepid disclosures regarding occasional "'patient incidents'" did not reveal this wide-ranging scheme to investors, which is distinct from Plaintiff's misstatement claims. *Id*. at 8, 10-11 (quoting

*St. Clair Cnty. Emps.' Ret. Sys. v. Acadia Healthcare Co., Inc.*, 2021 WL 195370, at *5 (M.D. Tenn. Jan. 20, 2021) (Campbell, J.)).

*Newtyn* also does not hold that, as a matter of law, risk disclosures may never be misleading. *See Newtyn*, 165 F.4th at 964. And in *Newtyn*, the risk disclosures were prospective and thus would "not cause a reasonable investor to infer anything about the present." *Id*. Here, however, Defendants couched their risk warnings in the present, while creating the false impression that the misconduct alleged was isolated, not systematic, and that Acadia had no visibility into the outcome of significant litigation, like *Inman*, despite a default judgement there. *See, e.g.,* ECF 69 at 22 ("'We *are* also subject to claims for unlawful detention *from time to time* . . . .'"); ECF 55, ¶134 ("We *are* subject to" lawsuits and "cannot predict the[ir] outcome.").

In *Sotera*, an unreported decision, the company's statements regarding general regulatory compliance were "untethered from anything measurable or verifiable," and the plaintiffs failed to "identify a single specific regulation" that Sotera violated. *In re Sotera Health Co. Sec. Litig.*, 2026 WL 508962, at *5 (6th Cir. Feb. 24, 2026). Here, by contrast, Defendants' quality care statements are subject to "'objective measurement and verification'" (ECF 69 at 15-16 (quoting *Acadia*, 2021 WL 195370, at *6)), and their violations were pervasive. ECF 69 at 3-4, 8-10.

And in *Sotera*, a loss at trial was insufficient to support allegations that the company's statements regarding pending litigation were misleading when made, because the trial occurred two years *after* the misstatements occurred. *Sotera*, 2026 WL 508962, at *6. Conversely, Defendants here knew *at the time* of their statements that the *Inman* court had entered default judgment against Acadia on liability issues and denied Acadia's motion for summary judgment on punitive damages, and that Acadia therefore faced massive, uncapped damages, triggering a duty to disclose under ASC 450, which was not at issue in *Sotera*. *See* ECF 69 at 5, 19-20, 31-33.

-3-

Finally, in *Auto Parts*, an out-of-circuit decision, the appellate court noted that the defendants' focus on "margins" did not support an inference that they were also knowledgeable about "other" metrics at issue in that case. *City of Southfield Gen. Emps. Ret. Sys. v. Advance Auto Parts, Inc.*, 167 F.4th 637, 647-648 (4th Cir. 2026). Here, however, Defendants spoke at length regarding the specific metrics at issue – Acadia's quality of care, as well as its length of patient stay and admissions metrics. ECF 69 at 2, 15-18, 24-27. In fact, the *Auto Parts* court noted that had defendants made statements about the metrics at issue – as Defendants here did – that "might have suggested that [defendants] were reviewing that metric." *Auto Parts*, 167 F.4th at 648.

DATED: March 18, 2026

Christopher M. Wood (254908)

Respectfully submitted,

ROBBINS GELLER RUDMAN
 & DOWD LLP
CHRISTOPHER M. WOOD (BPR #032977)
JERRY E. MARTIN (BPR #20193)

/s/ Christopher M. Wood
CHRISTOPHER M. WOOD

200 31st Avenue North
Nashville, TN  37203
Telephone:  615/244-2203
cwood@rgrdlaw.com
jmartin@rgrdlaw.com

-4-

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
SAM S. SHELDON
DARRYL J. ALVARADO
KEVIN A. LAVELLE
J. MARCO JANOSKI GRAY
TING H. LIU
T. ALEX B. FOLKERTH
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
darrenr@rgrdlaw.com
ssheldon@rgrdlaw.com
dalvarado@rgrdlaw.com
klavelle@rgrdlaw.com
mjanoski@rgrdlaw.com
tliu@rgrdlaw.com
afolkerth@rgrdlaw.com

Lead Counsel for Lead Plaintiff

BISHOP PARTNOY LLP
FRANK PARTNOY
1717 K Street, NW Suite 900
Washington, DC 20006
Telephone: 202/787-5769
Frank@bishoppartnoy.com

Counsel for Lead Plaintiff

-5-